# IN THE UNITED STATES DISCRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FIRST NATIONAL BANK OF ARIZONA, | ) )  |
| Plaintiff, | ) ) 08 CV 4144 ) |
| v. | ) JUDGE PALLMEYER ) MAGISTRATE JUDGE KEYS ) |
| VILMA DIAZ, | ) ) |
| Defendant. | |

## DEFENDANT VILMA DIAZ' MOTION TO DISMISS COUNT V OF PLAINTIFF'S COMPLAINT PRUSUANT TO FED.R.CIV.P. 12(b)(6) and 9(b)

NOW COMES Defendant Vilma Diaz, by and through her attorney Tania G. Cullison of the Law Offices of Cullison & Cullison, P.C., and pursuant to Fed. R. Civ P. 12(B)(6) and Fed. R. Civ. P. 9(b), moves this Honorable Court for an entry of an order granting Defendant's Motion to Dismiss. In support thereof, Defendant state as follows:.

## STATEMENT OF FACT

The Defendant, Vilma Diaz (hereinafter referred to as Vilma) immigrated to the United States from El Salvador approximately thirteen years ago. Vilma does not speak, read or write in the English language. Vilma, like so many immigrates had a dream of owing her home. When she inquired about how to acquire a home, she was told that if she worked hard, saved her money and paid all of her debts on time to achieve a good credit rating, she would be able to get a loan. While working two jobs, Vilma purchased her

first home in 2003. Shortly after the purchase, she allowed her nice to move in and Vilma moved out. Vilma contacted the bank and gave the bank authorization to speak directly to her niece and informed them that her niece, would be making the payments as she would be the one living in the home. During the fall of 2005, Vilma Diaz submitted a loan application for the purchase the subject property commonly known as 2508 N. Mason, Chicago, Illinois 60639 and shortly thereafter, for another property commonly known as 2111 N. Long, Chicago, Illinois. Vilma was living in an apartment where she was raising her children. However, needing more space, Vilma and her mother, decided to purchase these properties together and so that each could have their own home. At all times it was understood that Vilma was to live in the Mason property and her mother in the Long property.

In all of the time that Vilma met and worked with her realtor, Loan officer and her attorney at the closing table, she was never advised that a condition of the loan was that the property had to be owner occupied.

## STATEMENT OF THE LAW

Fraudulent Misrepresentation

The elements of common law fraud are 1). A false statement of material fact; 2). Defendant had knowledge that the statement was false; 3). Defendant's intent that the statement induce the Plaintiff to act; 4). Plaintiff's reliance upon the truth of the statement and; 5) Plaintiff has damages resulting from the reliance on the statement. Kapelanski v. Johnson, 390 F.3d 525, 530-31 (7th Cir. 2004). Moreover, the reliance must be justifiable. Id.

Pursuant to Rule 12(b)(6), in a motion to dismiss, Plaintiff's well pleaded

allegations of fact are taken as true and all reasonable inferences are drawn in Plaintiff's favor. Bontkowski v. First National Bank of Cicero, 998 F.2d. 459, 461 (7th Cir. 1993). However, while a court will accept well pleaded allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in form of factual allegations. Id. However, the court need not stretch the allegations beyond their sensible and reasonable implications. Chan v. City of Chicago 777 F. Supp. 1437, 1440 (N.D. Ill. 1991).

In Federal Court, pursuant to Rule 9(b) an allegation of fraud is subject to the heightened pleading standard. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

## ARGUMENT IN SUPPORT OF THE MOTION TO DISMISS COUNT V OF PLAINITFF'S COMPLAINT

1. A False Statement of a Material Fact:

In paragraphs 43-44 of plaintiff's complaint plaintiff alleges that Vilma made a false statement regarding the amount of parcels of real estate owned by Vilam when she signed the loan application. That Vilma stated that she owned one parcel when in fact she owned two. However, this allegation is false. At the time of the original loan application (at the inception of the loan process) Vilma owned only one parcel of real estate which she disclosed. That at the time of Vilma signing the original loan application, i.e. prior to the closing, she did not make any false statements of material facts regarding the parcels of land which she owned.

Defendant Vilam Diaz, agrees with the allegations as stated in paragraph 44 of

Plaintiff's complaint and in furtherance states that she closed on he subject property approximately ten days after closing on the Long property

2. Defendant had knowledge the statement made was false.

Defendant Vilma Diaz, disagrees with the allegations as stated in paragraph 45, and in furtherance states that at the time that Vilma signed the original loan application, i.e. to begin processing the loan, she owned a parcel of real estate which she disclosed on the loan application. At the time of the closing on the subject property, when she again signed the loan application, she did as instructed, and again signed the loan application as provided to her at closing. Vilma had no reason to know, and she was not advised either by her loan officer or her attorney that she had to modify her loan application to reflect the new purchase made approximately 10 days prior. These documents are in English and unless they are translated and its legal effect defined, a person that does not speak or read or write in the English language cannot not know of its contents and if there are any legal consequences. Borrowers like Vilma, must rely on the counsel and advise of their realtor, loan officer and attorney. Thus, Vilma had no knowledge nor intent to made a false statement nor does Plaintiff, in the complaint provide any specific act, other then a loan application with Vilma's disclosure that she did own other property, to substantiate the allegation of knowledge of a false statement..

The plaintiff, is fully aware as to how the loan process works, that a loan application is prepared and signed upon the inception of the loan process and again at closing. However, the loan application signed at closing is a mirror reflection of the original one. Yet, the Plaintiff has chosen to allege unwarranted inferences, and baseless legal conclusions to create an intent to make a false statement where there was none.

3. Defendant's intent that the statement induce the Plaintiff to act.

Defendant, Vilma Diaz, disagrees with the allegations as stated in paragraph 46, and in furtherance states that no false statements where made to induce Plaintiff to make her a loan. Vilma did not know and, had no reason to know or understand that, unless specifically instructed in Spanish, her application had not been modified to include the purchase of the Long property. Vilma had no knowledge that the Plaintiff was in fact, relying on the fact of whether or not she owned additional parcels of real estate as a bases for giving her a loan. Vilma believed that all that she needed to do was to pay all of the debts on time so that she could acquire a good credit rating to qualify for a loan. Again, Plaintiff draws unwarranted inferences to create an intension that was not there. Vilma did, in good faith give full disclosure at the time of her loan application. If the application was not corrected or modified by the time it reached the closing table to reflect the new property purchased by Vilma, Vilma had not control or actual knowledge of that. At the closing table, once presented with the loan package, given that she is unable to read and understand the documents because they are in English and not in her native language of Spanish, she did as she was instructed, she signed her name and relied on the expertise of her realtor, loan office and attorney to make sure all of the information and documentation was correct. There was no intent here, and Plaintiff does not provide any additional information or explanation, legal or otherwise, for there warranted less conclusion that there was.

4. Plaintiff's reliance upon the truth of the statement.

Defendant Vilma Diaz disagrees with the allegations as stated in paragraph 47, and in furtherance states that again, Plaintiff is drawing an unwarranted conclusion.

Plaintiff is creating an intent that does not exist. At the time that Vilma sat down with her loan officer to complete the loan application, Vilma made nothing less then truthful statements and disclosed the property that she owned. If Plaintiff is referring to the loan application which is in its completed form and signed again at closing, Vilma had no knowledge or had reason to know, that the loan officer, which she had been working with and had processed both loans, had not modified the loan application to reflect the additional property acquired approximately 10 days earlier. Moreover, Vilma would have not known to ask because she did not know that the lender was relying on whether or not the property was to be owner occupied to give the loan. Vilma knew what she knew, that as a borrower, you needed to show that by paying all of your debts on time your credit rating would be good enough to qualify for a loan.

Vilma does not speak, read, or write in the English language and, thus, must rely on the assistance and expertise of the professionals assisting her. There was no fraudulent intent on Vilma's part to make any false statements or to fraudulently induce the lender to give her a loan.

5.     Plaintiff had damages resulting from the reliance on the statement.

Defendant Vilma Diaz disagrees with the allegations made in paragraphs 48-49 of Plaintiff's complaint. Plaintiff claims that their reliance on Vilma's alleged fraud damaged them. However, they do not specify what those damages where. In fact, within nine months after the closing on the purchase of the subject property and to this present date, the note has be sold several times, and if not presently being serviced by the Plaintiff. Plaintiff's blank statement that they have been damaged, fails to meet the particularity requirement of the rule.

WHEREFORE, Defendant, VILAM DIAZ, respectfully pray that this Honorable Court:

A.      Enter an Order Dismissing Count V Fraud v. Vilma Diaz of Plaintiff's Complaint.

B.      Grant other relief as this Court deems just and proper.

Respectfully submitted,

s/Tania G. Cullison
One of Defendant's Attorneys

Tania G. Cullison
Cullison & Cullison, P.C.
6336 N. Cicero, Suite 102
Chicago, Illinois 60646
773.205.6300
ARDC #6272104