IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First National Bank Of Nevada, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | No. 08 C 4144 |
| MIDWEST MUTUAL MORTGAGE, INC., MONICA R. GALVAN a/k/a MONICA CAYUELA VILMA DIAZ, | ) ) ) | |
| Defendants. | ) | |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS**

NOW COMES Plaintiff, Federal Deposit Insurance Corporation, as Receiver for First National Bank of Nevada, by and through its attorney, Craig C. Smith of Smith & Weik, LLC, and pursuant to Fed. R. Civ. P. 55(b) moves this Honorable Court for the entry of a Default Judgment against all Defendants. In support thereof, Plaintiff states as follows:

1. On December 10, 2008, this Court entered an order of default against Midwest Mutual Mortgage, Inc. and Monica R. Galvan a/k/a Monica Cayuela for failure to plead to Plaintiff's Complaint. (See Docket Entry 18). On January 26, 2010, this Court entered an order of default against Vilma Diaz for failure to plead to Plaintiff's Second Amended Complaint. (See Docket Entry 41).

2. Upon default, the factual allegations of a complaint relating to liability are taken as true, while the allegations relating to the amount of damages suffered are ordinarily not. *Dundee Cement Co. v. Howard Pipe & Concrete Prod. Inc.*, 772 F.2d 1319, 1323 (7th Cir. 1983). A judgment by default may be entered without a hearing if the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. *Id*.

1

3. The amount of damages Plaintiff has suffered in the instant case is easily measured. Plaintiff made certain loans to the Monica Galvan and Vilma Diaz brokered by Midwest Mutual, Inc. The Broker Agreement entered into between Plaintiff's predecessor and Midwest Mutual Mortgage, Inc. is attached to the Complaint as Exhibit A ("Agreement"). Paragraph 6 of the Agreement, sets forth the calculation of damages upon Midwest Mutual's breach:

> 6. Remedies for Breach  Upon the occurrence of any breach of the representation, warranties, covenants or conditions contained in this Agreement by Broker, Lender shall have the right to require Broker to repurchase the Loan or Loans affected by such breach for a price equal to the then outstanding principal balance of such Loan(s) plus (i) all accrued and unpaid interest due on such Loan(s) as of the date of repurchase (ii) any premium or above par pricing paid by lender for such Loan and (iii) all other fees, penalties, charges or expenses (including reasonable attorney fees) assessed against or incurred by Lender in connection with the Loan(s) (the sum of such amounts, the "Repurchase Price").
>
> Lender may, in its sole discretion, elect to sell any Loan(s) subject to repurchase pursuant to this Agreement to an unaffiliated third party in lieu of requiring Broker to repurchase such Loan(s). Upon the occurrence of such a third party sale, Broker's liability to Lender for such Loan(s) shall be equal to the amount of the Repurchase Price less the actual amount received by Lender in such third party sale (which amount shall conclusively be deemed to be a reasonable mitigation of Lender's damages).

In the instant case, Plaintiff seeks unpaid principal and accrued interest.

4. Plaintiff seeks judgment against Midwest Mutual, Mortgage, Inc. in the amount of $365,169.32, against Monica Galvan in the amount of $153,539.45 and Vilma Diaz in the amount of $211,629.87. Said amounts represent the unpaid principal balance plus accrued interest at the time of mitigation, less proceeds from efforts to mitigate its damages.

5. In support of Plaintiff's calculation of damages, Plaintiff submits herewith Affidavit of Sandra Klein.

WHEREFORE, Plaintiff prays that this Honorable Court enter default judgments in favor of Plaintiff and against the Defendants herein, in the amounts set forth above and for such other relief as this Court deems just and equitable.

>Respectfully Submitted,
>
>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First National Bank of Nevada
>
>s/ Craig C. Smith\_\_\_\_\_
>One of Its Attorneys

Craig C. Smith #6238126
Smith & Weik, LLC
10 S. LaSalle St., Suite 3702
Chicago, IL 60603
312-443-9540